Emmett MASON, Appellant,

v.

**LIBERTY MUTUAL INSURANCE COMPANY, Appellee.**

No. 22878.

United States Court of Appeals
Fifth Circuit.

Jan. 6, 1967.

* William Harold Cox, U. S. District Judge for the Southern District of Mississippi, sitting by designation.

Eldon E. Fallon, Kierr & Gainsburgh, New Orleans, La., for appellant.

John J. Weigel of Jones, Walker, Waechter, Poitevant, Carrere & Denegre, New Orleans, La., for appellee.

Before JONES, WISDOM and GOLD-BERG, Circuit Judges.

PER CURIAM:

Liberty Mutual Insurance Company issued a general liability policy of insurance to Touro Infirmary in New Orleans, Louisiana. The policy contained a provision excluding liability for injury, sickness or disease due to medical or surgical services or treatment, or any service of a professional nature. The appellant, Emmett Mason, brought an action in the Federal district court, asserting in his complaint that while a patient in Touro Infirmary he was given a hypodermic injection which resulted in a nerve degeneration and the loss of control of his right foot. By interrogatories it was developed that the injection was given by a student nurse in the presence of a surgeon and a supervisor of nurses. Liberty Mutual pleaded the exclusion clause and moved for a summary judgment. The summary judgment was granted. Mason has appealed. He makes the ingenious but unpersuasive argument that while the treatment which he was given might have been "of a professional nature" under some circumstances, nevertheless there was administrative, as distinguished from professional, negligence in permitting a student nurse to administer the treatment or to administer it in an improper manner. The law of Louisiana controls and its law is "that in determining whether or not a particular act or failure to act is of a professional nature we should look not to the title or the character of the party performing the act but to the act itself. * * *" D'Antoni v. Sara Mayo Hospital, La.App.1962, 144 So.2d 643. The act in this case, the giving of a hypodermic injection, is of a professional nature. The exclusion clause of the policy applies. The summary judgment was proper. It is affirmed.